# UNITED STATES DISTRICT COURT
## for the
### Southern District of Georgia
### Savannah Division

| | | |
|---|---|---|
| Jerry Thomas., | ) | |
| | ) | |
| Plaintiff(s) | ) | Case No.: **CV 423 046** |
| | ) | |
| -v- | ) | |
| | ) | **Complaint for Injunctive And** |
| | ) | **Declaratory Relief Under 42 U.S.C. §183** |
| Kenneth D. Pangburn, | ) | |
| Individually and in his official capacity as | ) | |
| Justice of the Municipal Court ) of Hinesville ) | | **Demand For Jury Trial** |
| | ) | |
| | ) | |
| Defendant(s). | ) | |

**COMES NOW**, The Plaintiff(s) Jerry Thomas., in Propria persona sui juris, presents this complaint against the Defendant(s) Judge Kenneth D. Pangburn, in his official capacity as Justice of the Municipal Court of Hinesville, Georgia under 42 U.S. Code §183 and alleges the following:

## NATURE OF CASE

The Plaintiff(s) Jerry Thomas, was given a Citation on August 20, 2021, on a matter of Precept for Enforcement in the Hinesville Municipal Court. On September 29, 2021, the Plaintiff(s) appeared before Judge Kenneth D. Pangburns a City Judicial officer, paid by the City of Hinesville to act impartially and lawfully. The Plaintiff(s) Jerry Thomas filed a Motion Challenging Jurisdiction which was never entertained by the Defendant(s) Judge Kenneth D. Pangburn who then held a trial without jurisdiction.

When challenged, jurisdiction must be documented, shown, and proven, to lawfully exist before a cause may lawfully proceed in the courts. all confirmed by, *Mcnutt v. G.M., 56 S. Ct. 789, 80 L. Ed. 1135, Griffin v. Matthews, 310 Supp. 341, 423 F.2d 272, Basso v. U.P.L., 495 F 2d. 906, Thomson v. Gaskiel, 62 S. Ct. 673, 83 L. Ed. 111, and Albrecht v U.S., 273 U.S.1.*

Whenever a judge acts where he/she does not have jurisdiction to act, the judge is engaged in an act or acts of treason. *U.S. v. Will, 449 U.S 200, 216, 101 S.Ct. 471, 66 L.ED.2d 392, 406 (1908); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.ed 257 (1821).* The Defendant(s) Judge Kenneth D. Pangburn, has acted in the judge's personal/individual capacity and not in the judge's judicial capacity when he/himself determined the court's own jurisdiction.

1

In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified."

*Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994).* That Court also stated that Section 455(a) "requires a judge to recuse him/herself in any proceeding in which he/her impartially might reasonably be questioned." *Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989).*

"Recusal under Section 455 is self-executing; a party need not file affidavits in support of recusal and the judge is obligated to recuse herself sua sponte under the stated circumstances." *Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989).*

The Defendant(s) Judge Kenneth D. Pangburn, did not follow statutory procedure, Arm*strong v. Obucino, 300 Ill. 140, 143, and Rosenstiel v. Rosenstiel, 278 F. Supp. 794 (S.D.N.Y. 1967)*

## JURISDICTIONAL BASIS

I.   Plaintiff claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution.

II.  Plaintiff brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of the Fifth, Seventh, and Fourteenth Amendments of the Federal Constitution by the defendant "under color of law" in his capacity as a judge in the Municipal Court of Hinesville. The Defendant(s) proceeded with trial without jurisdiction, by not having the City of Hinesville answer Plaintiff(s) Special Appearance Motion Challenging Jurisdiction, then acting outside of his judicial capacity by determining the court's jurisdiction, which resulted in deprivation of the Plaintiff(s) fifth amendment right and due process of law of a fair trial and fourteenth amendment right of equal protection under the law. The Defendant(s) proceeded with trial by the judge when a trial by jury wasn't an option for the Plaintiff(s), resulting in deprivation of his 7th amendment right which was ignored.

## STATEMENT OF FACTS

The Plaintiff(s) Jerry Thomas was served a notice to appear on August 20, 2021, on matters of citations to Appear in the Municipal Court of Hinesville. The Plaintiff(s) responded by filing a Special Appearance Challenging Jurisdiction (Exhibit A) to the City of Hinesville Municipal Court; hand-delivered. The Plaintiff(s) appeared before Judge Kenneth D. Pangburn on September 29, 2021. The motion was never answered by the City of Hinesville Prosecutor's office and Judge Kenneth D. Pangburn didn't ask them if they answered. I was refused the right to question the City of Hinesville in response to the Special Appearance Challenging Jurisdiction after my several attempts before Judge Pangburn. I informed the Honorable Judge Pangburn that I have a Constitutional right to face my accuser under the Confrontation Clause of the Sixth Amendment. Judge Pangburn then said that my motion was denied, and he determined that the court had jurisdiction (Exhibit B). "A court has no jurisdiction to determine its own jurisdiction, for a basic

issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." *(Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409.)*

"Therefore, it is necessary that the record present the fact establishing the jurisdiction of the tribunal" *(Lowe v. Alexander 15C 296; People v. Board of Delegates of S.F. Fire Dept 14 C 279).*

The court finds that it has jurisdiction over the subject matter and the parties in the case will proceed to trial. "Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term." *Dillon v. Dillon, 187 P 27.*

On September 29, 2021, Plaintiff(s) Jerry Thomas appeared before Defendant(s) Judge Kenneth D. Pangburn. The Plaintiff(s) requested that the Challenge of Jurisdiction be answered under GA Code §9-11-12 (2020) Civil Practice, Pleadings, and motions, and due process of law the City prosecutor had 30 days to respond to the motion. "Jurisdiction can be challenged at any time." and "Jurisdiction, once challenged, cannot be assumed and must be decided. *("Basso v. Utah Power & Light Co., 495 F2d 906, 910.)* "Jurisdiction, once challenged, is to be proven, not by the court, but by the party attempting to assert jurisdiction. The burden of proof of jurisdiction lies with the asserter. The court is only to rule on the sufficiency of the proof tendered." *(McNutt v. GMAC, 298 US 178. Origins found in Maxffied's Lessee v Levy, 4 US 308).* The Plaintiff(s) stated to Judge Kenneth D. Pangburn if he moved on he would be violating the plaintiff(s) constitutional rights of due process of law under the 5th, 7th, and 14th Amendments. The Defendant(s) Judge Kenneth D. Pangburn stated that he will be moving forward with trial by Judge. The Plaintiff(s) Jerry Thomas announced several times that he would only talk about Jurisdiction with the motion that was filed to the Hinesville Municipal Court which was never answered, but the Defendant(s) continued to move forward with the trial. "A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." *(Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L.ed, 1666, 67 S.Ct, 1409.)* "Once Jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." *Melo v. US, 505 F2d 1026.*

## PRAYER FOR RELIEF

Whereby the plaintiff(s) prays this Court issue equitable relief as follows:

1. Issue injunction relief commanding defendant to take correctional classes about trial by jury; due process of law; constitutional rights; jurisdiction or as this Court deems appropriate classes.
2. Compose a letter of apology to the Plaintiff(s) regarding the mistakes and wrongfulness that misjudgment may cause.
3. Issue declaratory relief of One Hundred Thousand Dollars ($100,000) or as this Court deems appropriate and just.
4. Issue relief as this Court deems appropriate and just.
5. Ward plaintiff his costs of litigation.

Respectfully submitted.

27 February 2023

In Propria persona
Jerry Tomas
820 Ridgewood Way
Hinesville, GA 31313

# EXHIBIT A

## Special Appearance Motion
## Challenging Jurisdiction

# IN THE STATE OF GEORGIA
## For the
## County of Liberty Hinesville



)
)
**THE STATE OF GEORGIA ,**           )
)                    **Case No: 210835472**
)
**Plaintiff(s),**           )
**V.**                                 )                    **COMMON LAW**
)
**JERRY LEE THOMAS III,**           )                    **NOTICE OF SPECIAL APPEARANCE**
)                         **by Affidavit;**
)
**Respondent(s).**           )
_____ )

## NOTICE OF SPECIAL APPEARANCE

THE PLAINTIFF(S) BRINGING THIS SPECIAL APPEARANCE TO THE ATTENTION OF THIS COURT TO ESTABLISH ITS AUTHORITY, Jerry Lee Thomas III, in Propria persona sui juris, a natural person specially appearing in his own right being of sound, mind, body, soul and spirit. (Quaelibet Jurisdictio Cancellos Suos Habet 'Every jurisdiction has its own limits.' Jenk. Cent. Cas. 139.), (A Special Appearance is for the purpose of testing the sufficiency of service or the jurisdiction of the Court. State v. Huller, 23 N.M. 306, 168 P. 528, 534, 1 A.L.R. 170)

**COMES NOW RESPONDENT/AFFIANT,** JerryLee Thomas III, herein after called "Respondent", in pro per, sui juris, NOT a pro se party with this Affidavit of Special Appearance.

Respondent is appearing before this court Specially, and not Generally, in Pro Per ("in one's own proper person"), Sui Juris, regarding Case #:**210835472.** This Special Appearance by Affidavit is for the purposes of challenging the courts' presumption and assumption of jurisdiction.



# I. CHALLENGE NEGATES JURISDICTION

By this Affidavit, Respondent challenges the subject-matter and in personam jurisdiction of this court. Therefore, this court now is **without** jurisdiction.

"The presumption that officials have done their duty is limited by the rule that a presumption cannot be based upon a mere presumption, and will not supply proof of independent, substantive facts, such as that a deficiency judgment was entered and docketed by the clerk of the court. " (Mahoney v Boise Title & T. Co. (1926) 116 Okla 202, 244 P 170)

Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but rather, should dismiss the action. (Melo v. US, 505 F2d 1026.)

"Once jurisdiction is challenged it must be proven." (Hagans v. Levine 415 US 533 note 3)

The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." (Hagans v Lavine, 415 U. S. 533.)

# II. JURISDICTION NOT WITHIN DISCRETION OF COURT

Respondent reminds this court that the matter if jurisdiction is not a matter within the discretion of this court.

"A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." (Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409.)

A court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in the suit (subject-matter jurisdiction) . . . ." (Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007)



"The burden shifts to the court to prove jurisdiction." (Rosemond v. Lambert, 469 F2d 416.)

"The proponent of the rule has the burden of proof.." (Title 5 U.S.C. §556(d))

## III. JURISDICTION CANNOT BE WAIVED

The principles of waiver, consent, and estoppel do not apply to jurisdictional issues—the actions of the litigants cannot vest a district court with jurisdiction above the limitations provided by the Constitution and Congress.

"If the record does not show upon its face the facts necessary to give jurisdiction, they will be presumed not to have existed." (Norman v. Zieber, 3 Orat202-03)

## IV. RESPONDENTS' REQUEST

The Respondent reminds this court he is here by way of Special Appearance to challenge jurisdiction and to have this matter dismissed.

Whereby the Respondent request this Court to produce, in writing, the following:

1. The supposed jurisdiction duly placed into evidence.

2. In brief please explain; how does this Court have personal jurisdiction over the Respondent.

3. In brief please explain; how does this Court have subject matter jurisdiction over the Respondent.

4. In brief please explain; is this a matter of the Court of general equity or common law.

5. Since, this Court regularly enforces statues created by the legislative branch of its government; to produce for the record, the physical documented 'Delegation of Authority', as

Proof of Jurisdiction, as required by Law, per Article III, Section I of the United States of America Constitution.

## CONCLUSION

In Hagans v. Lavine 415 U.S. 533 there is no discretion to ignore lack of jurisdiction. In Joyce v. U.S. 474 2d 215 the law provides that once State and Federal jurisdiction have been challenged it must be proven. In Main v. Thiboutot 100. S. Ct 2501 (1980), "Jurisdiction can be challenged at any time " and "jurisdiction, once challenged, cannot be assumed and must be decided". Basso v. Utah Power and Light Co. 495 F.2d 906,910.

In Good Faith

Jerry L. Thomas
In Propria Persona
820 Ridgewood Way
Hanesville, GA 31313

29 SEP 2021

Jurisdiction: subject matter and geographical proven at trial on 9-29-21. Motion challenging jurisdiction denied.

Kenneth B Parker
Sept 29, 20

EXHIBIT B
ORDER DENYING SPECIAL APPEARANCE MOTION
CHALLENGING JURISDICTION

Proof of Jurisdiction, as required by Law, per Article III, Section I of the United States of America Constitution.

## CONCLUSION

In Hagans v. Lavine 415 U.S. 533 there is no discretion to ignore lack of jurisdiction. In Joyce v. U.S. 474 2d 215 the law provides that once State and Federal jurisdiction have been challenged it must be proven. In Main v. Thiboutot 100. S. Ct 2501 (1980), "Jurisdiction can be challenged at any time " and "jurisdiction, once challenged, cannot be assumed and must be decided". Basso v. Utah Power and Light Co. 495 F.2d 906,910.

In Good Faith

Jerry L. Thomas
In Propria Persona
820 Ridgewood Way
Hanesville, GA 31313

29 SEP 2021

Jurisdiction: subject matter and geographical proven at trial on 9-29-21. Motion challenging jurisdiction denied.

Kenneth Sept 29, 20