## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

JERRY THOMAS,                          )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )          CV423-046
                                       )
KENNETH D. PANGBURN,                   )
                                       )
                    Defendant.         )

## ORDER AND REPORT AND RECOMMENDATION

Defendant Kenneth D. Pangburn moves to dismiss, doc. 48, Plaintiff Jerry Thomas's Amended Complaint, doc. 23. Defendant is the Municipal Court Judge for the City of Hinesville and asserts judicial immunity. *See* doc. 48 at 1, 7-9. Since, as explained below, Defendant is immune, the Court **RECOMMENDS** that his Motion to Dismiss be **GRANTED**, doc. 48, and Plaintiff's Amended Complaint be **DISMISSED**, doc. 23. Plaintiff has also moved for entry of default, doc. 55, and to lift the stay on this case, doc. 56. Since Defendant has not defaulted, Plaintiff's Motion for Entry of Default is **DENIED**. Doc. 55. If the District Judge adopts the undersigned's recommendation that this

case be dismissed, Plaintiff's Motion to Lift the Stay should be **DENIED** as moot.  Doc. 56.

## I.    BACKGROUND

Plaintiff received two citations that required him to appear in the Hinesville Municipal Court.  Doc. 23 at 1.  Defendant, the Municipal Court Judge for the City of Hinesville, oversaw both proceedings.  *Id.*  In both cases, Plaintiff challenged the municipal court's jurisdiction, doc. 23-1 at 2-5, 9-12, and declared that because he had challenged the court's jurisdiction, the court was stripped of jurisdiction and powerless to act until the City of Hinesville affirmatively proved jurisdiction to Plaintiff's satisfaction.  *Id.* at 3-5, 10-12.  He warned Defendant that if Defendant proceeded without jurisdiction, Defendant would "be violating the plaintiff['s] constitutional rights of due process of law under the 5th, 7th, and 14th Amendments."  Doc. 23 at 3, 5.  Defendant proceeded.  *Id.*  In at least one case, Defendant found that "subject matter and geographical [jurisdiction were] proven at trial" and denied Plaintiff's motion challenging jurisdiction in a handwritten note.  Doc. 23-1 at 5.

Plaintiff filed two cases against Defendant in this Court—one for each of his citations and appearances before Defendant.  *See generally*

CV423-046 and CV423-047. Because the only differences between the cases were when and for which citation Plaintiff appeared before Defendant, the two cases were consolidated. Doc. 22. Plaintiff subsequently filed an Amended Complaint, brought pursuant to 42 U.S.C. § 1983 like the originals, alleging that Defendant proceeded against him without jurisdiction and thereby violated his Fifth, Seventh, and Fourteenth Amendment rights. Doc. 23 at 2. Defendant now moves to dismiss, doc. 48, Plaintiff's Amended Complaint, doc. 23, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

## II.  LEGAL STANDARD

To survive a motion to dismiss, a complaint must "'state a claim to relief that is plausible on its face.' [Cit.] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). When considering a defendant's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts will accept all well-pleaded facts as true and

construe them in the light most favorable to the plaintiff.  *Belanger v. Salvation Army,* 556 F.3d 1153, 1155 (11th Cir. 2009).  *Pro se* pleadings are construed liberally.[1]  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).  But the Court need not "accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).  Furthermore, "[i]f upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

### III.   ANALYSIS

#### A. Plaintiff's Motion for Default

Before turning to Defendant's Motion to Dismiss, doc. 48, the Court must address Plaintiff's Motion for Entry of Default, doc. 55.  Plaintiff predicates his request for default judgment on the grounds that Defendant did not submit an answer to his Amended Complaint, doc. 23, within 14 days as required by Rule 15(a)(3) of the Federal Rules of Civil

---

[1] Plaintiff strongly objects to being called a *pro se*.  *See* docs. 23 at 1, 5-6; 23-1 at 2, 5, 7, 9-10, 12, 14-16.  The Court notes, however, that he is proceeding on his "own behalf; without a lawyer."  *Pro Se*, BLACK'S LAW DICTIONARY (11th ed. 2019).

procedure. Doc. 55 at 2. Rule 15(a)(3) does not require an answer, though — it merely requires a response. A motion to dismiss under Rule 12(b)(6) is a responsive pleading. *See* Fed. R. Civ. P. 55(a) (entry of default is proper only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend"); *Guice v. Postmaster General, U.S. Postal Service*, 747 F. App'x 827, 829 (11th Cir. 2018) (holding that default judgment was not warranted where the defendant timely filed a motion to dismiss). Defendant filed his Motion to Dismiss on July 27, 2023, 13 days after Plaintiff filed his Amended Complaint. *See generally* docket. Defendant is not in default. Plaintiff's Motion for Entry of Default is, therefore, **DENIED**. Doc. 55. *See, e.g., Jerome v. Barcelo Crestline, Inc.*, 2007 WL 4224782, at *2 (N.D. Ga. Nov. 27, 2007) (denial of entry of default is non-dispositive within the meaning of 28 U.S.C. § 636(b)(1)(A).

### B. Defendant's Motion to Dismiss

Defendant argues in his Motion to Dismiss that he is entitled to judicial immunity and that Plaintiff failed to state a claim for equitable relief against him. Doc. 48 at 7-9. Specifically, he argues that he is entitled to absolute judicial immunity from monetary damages, *id.* at 7-

8, and that Plaintiff has not pled a "'really extraordinary cause[]'" sufficient to justify declaratory or injunctive relief, *id.* at 9 (quoting *Pulliam v. Allen*, 466 U.S. 522, 538 (1984)).

The Court turns first to the issue of absolute judicial immunity and monetary damages.  As an initial matter, municipal judges are generally entitled to judicial immunity.  *See e.g.*, *Harris v. Deveaux*, 780 F.2d 911 (11th Cir. 1986) (finding Georgia municipal court judge entitled to judicial immunity). *Cf. McCullough v. Finley*, 907 F.3d 1324 (11th Cir. 2018) (Alabama municipal court judges entitled to judicial immunity).  When determining whether a judge enjoys immunity from monetary damages, courts consider: (1) whether the judge dealt with the plaintiff in a judicial capacity and (2) whether the judge acted in the "clear absence of *all* jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356-62 (1978) (emphasis added); *see also Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir. 1985) (applying the *Stump* test).  Plaintiff does not contest—and there can be no question—that Defendant dealt with Plaintiff in a judicial capacity; Plaintiff's complaint is based on Defendant's actions while presiding over two court proceedings against Plaintiff.  Doc. 23 at 1, 3-5. *See Harper v. Merckle*, 638 F.2d 848, 858 (5th Cir. 1981) (listing the

"precise act complained of [. . .] is a normal judicial function" and "the controversy centered around a case then pending before the judge" as factors that suggest a judicial act).[2]

Plaintiff does, however, contest Defendant's jurisdiction. Plaintiff argues that when he challenged the municipal court's jurisdiction, he thereby robbed the court of all jurisdiction over him until the prosecution established it. Docs. 23 at 1-2; 50 at 2. Because that jurisdictional challenge supposedly stripped the municipal court of its jurisdiction, Defendant acted in the "clear absence of all jurisdiction" in allowing the cases against Plaintiff to go forward. *Stump*, 435 U.S. at 356-57. Plaintiff is mistaken. Challenging a court's jurisdiction does not strip that court of jurisdiction. A court has jurisdiction, or it does not. Whether jurisdiction exists is a matter of law. No "challenge" to jurisdiction alters its existence. Despite Plaintiff's repeated citations to

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209, (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

law he erroneously believes says otherwise,[3] "the question of jurisdiction is . . . one for judicial determination." *Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 377 (1940). A "court has the authority to pass upon its own jurisdiction . . . ." *Id.* In at least one of the cases against Plaintiff, Defendant found that his court had jurisdiction over Plaintiff. *See* doc. 23-1 at 7 (Defendant finding that "subject matter and geographic [jurisdiction had been] proven at trial" and denying Plaintiff's motion challenging jurisdiction).

More importantly, this Court finds that Defendant in fact had subject matter jurisdiction in both cases. Defendant is a municipal court

---

[3] Plaintiff relies heavily on *Rescue Army v. Mun. Ct. of City of Los Angeles*, 171 P.2d 8 (Cal. 1946), for the proposition that "'[a] court has no jurisdiction to determine its own jurisdiction.'" Doc. 23 at 3, 5; *see also* docs. 23-1 at 3, 10; 50 at 2. As Defendant points out in his reply brief, doc. 54 at 1, *Rescue Army* holds that courts *do* have jurisdiction to determine their own jurisdiction. *See Rescue Army*, 171 P.2d at 11. Furthermore, the quote Plaintiff recites appears *nowhere* in that case. This is not Plaintiff's first mistake of this kind. *See infra* section III(b). Even if *Rescue Army* said what Plaintiff asserts that it does, it is, charitably, obscure what force a decision by the California Supreme Court has in a United States District Court considering a claim under federal law.

judge and presided over trials on Plaintiff's traffic citations.[4]  Doc. 23 at 1.  Georgia municipal courts "hav[e] jurisdiction over the violation of municipal ordinances."  O.C.G.A. § 36-32-1; *see also* O.C.G.A. § 36-32-10.2 (stating that misdemeanor offenses and ordinance violations "may be tried upon a uniform traffic citation, summons, citation, or accusation").  Defendant had subject matter jurisdiction when he presided over trials on Plaintiff's traffic citations.  A judge with subject matter jurisdiction does not act in the "clear absence of all jurisdiction."  *Stump*, 435 U.S. at 356-57.  *See Dykes*, 776 F.2d at 947-50 (holding that judges are entitled to absolute judicial immunity where they have subject matter jurisdiction, regardless of whether they have personal jurisdiction).  Therefore, Defendant is entitled to absolute judicial immunity and cannot be liable

---

[4] Plaintiff does not say what he received citations for in his Amended Complaint.  *See e.g.,* doc. 23 at 1 (saying he "was given a Citation . . . on a matter of Precept for Enforcement").  However, "a court may take notice of another court's order . . . for the limited purpose of recognizing . . . the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *see also* Fed. R. Evid. 201 ("A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").  Plaintiff appealed Defendant's decisions through the Georgia court system, and an order from the Georgia Court of Appeals reveals that Plaintiff was charged "with several traffic offenses." *Thomas v. City of Hinesville*, No. A22A1058 Ga. App. Ct. Apr. 27, 2022, at 1, *available at* https://www.gaappeals.us/wp-content/themes/benjamin/docket/results_one_record.php?docr_case_num=A22A1058 (last visited Oct. 3, 2023).  Pursuant to Rule 201 and *Jones*, the Court takes judicial notice of the Georgia Court of Appeals' Order insofar as it reveals that the subject matter of Plaintiff's trial before Defendant was traffic citations.

for monetary damages.  To the extent Plaintiff seeks monetary damages, he has failed to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

Next, the Court considers the availability of declaratory and injunctive relief.  While "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity," *Pulliam*, 466 U.S. at 541-42, to obtain "declaratory or injunctive relief, plaintiffs must establish that there was a violation, that there is serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law," *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000).  Plaintiff's request for relief fails because he *cannot* show the absence of an adequate remedy at law because he had the right to appeal Defendant's rulings.  *See* O.C.G.A. § 5-3-4(a)–(b) (granting superior and state courts appellate jurisdiction "over a final judgment of a lower judicatory"); O.C.G.A. § 15-6-8(4)(B) (establishing superior courts' jurisdiction "[t]o exercise a general supervision over all inferior tribunals and to review and correct. . . the judgments of" among other "[m]unicipal courts"); *Smith v. Gwinnett Cnty.*, 542 S.E.2d 616, 617 (Ga. Ct. App. 2000) (explaining the scope of superior courts' appellate jurisdiction).  A state

appellate process is an adequate remedy at law. *Sibley v. Lando*, 437 F.3d 1067, 1074 (11th Cir. 2005) (per curiam); *see also Tarver v. Reynolds*, 808 F. App'x 752, 755 (11th Cir. 2020) (holding declaratory and injunctive relief was improper because there existed "an adequate remedy at law: appeal through the state-court system"). That Plaintiff may have taken advantage of his right to appeal and was unsuccessful, *see* doc. 48 at 11, has no bearing on the adequacy of the appeals process as a remedy at law. *See e.g., Tarver*, 808 F. App'x at 753 (finding the state-court appellate process to be an adequate remedy at law so as to prohibit injunctive or declaratory relief in the federal system even though the plaintiff had been unsuccessful in his state-court appeals). Plaintiff's claim seeking declaratory or injunctive relief, therefore, fail as a matter of law. To the extent Plaintiff seeks declaratory or injunctive relief, he has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

For the foregoing reasons, Plaintiff is not entitled to monetary damages or declaratory or injunctive relief. Absolute judicial immunity bars monetary recovery, *see Dykes*, 776 F.2d at 947-50; the availability of the state-court appeals process bars declaratory and injunctive relief,

*Sibley*, 437 F.3d at 1074.  These are the only forms of relief Plaintiff seeks. Doc. 23 at 5 (requesting "injunctive relief commanding [D]efendant to take correctional classes," "a letter of apology" acknowledging "mistakes and wrongfulness," and $100,000).[5]  As a matter of law, and for the reasons stated above, he is not entitled to such relief.  In fact, "it is clear that the plaintiff would not be entitled to relief under *any* set of facts that could be proved consistent with the allegations." *Horsley*, 292 F.3d at 700 (emphasis added).  Because Plaintiff is not entitled to any relief, he has necessarily failed to state a claim upon which relief could be granted.  *See id.*; Fed. R. Civ. P. 12(b)(6).  On these grounds alone, the Court **RECOMMENDS** the case be **DISMISSED**.  Defendant makes several other arguments in his motion to dismiss.  *See* doc. 48 at 6-7, 9-12.  It is not necessary to address Defendant's remaining arguments because Plaintiff is not entitled to any form of relief and his case should therefore be dismissed.  *Horsley* 929 F.3d at 700.

---

[5] Plaintiff requests slightly different relief in Plaintiff's Opposition to Defendant's Motion to Dismiss than he requests in his Amended Complaint. Doc. 50 at 6-7. Regardless of whether it is appropriate for the Court to consider a change that was only included in a response brief and was not accompanied by a request to amend the complaint, Plaintiff's new requested relief is still solely comprised of monetary damages and forms of injunctive and declaratory relief—relief he is not entitled to.

C. <u>Sanctions Against Plaintiff</u>

The defects in Plaintiff's claims notwithstanding, he still owes this Court an explanation—and, perhaps, a monetary sanction. Rule 11(c) of the Federal Rules of Civil Procedure permits courts to impose sanctions, including monetary sanctions, on any party that "present[s] to the court a pleading, written motion, or other paper" for "any improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," Fed. R. Civ. P. 11(b)(1), or that includes frivolous arguments or "claims, defenses, and other legal contentions . . . [un]warranted by existing law." Fed. R. Civ. P. 11(b)(2). Fed. R. Civ. P. 11(c)(4)–(5). Pursuant to those provisions, the Court directed Plaintiff to explain what appeared to be intentionally misleading citations. *See* doc. 15 at 2-14. As discussed below, he never provided an adequate explanation.

Plaintiff failed to comply with Orders directing him to explain the intent and origin of citations which did not lead to any valid authority but were designed to appear valid throughout his briefing in this case. *See* docs. 37 & 39; *see also* Fed. R. Civ. P. 11(c)(3) (granting courts permission to order a party "to show cause why conduct specifically

described in the order has not violated" Rule 11(b)).  After Defendant informed the Court that his counsel could not locate many of the cases Plaintiff referenced, the Court reviewed Plaintiff's response to the Court's Order concerning consolidation, doc. 12, and identified ten cases Plaintiff cited that simply did not exist.  *See* doc. 15 at 2-11.  Yet the cases appeared legitimate, conforming to expected citation conventions. Because Plaintiff cited *real* authority in his other submissions to the Court, *see, e.g.,* doc. 32, the Court could not conclude that the false citations were the result of excusable mistakes.  Doc. 15 at 12.  Instead, they might represent an "'improper purpose' or a complete failure to conduct an 'investigation reasonable under the circumstances.'"  *Id.* at 13.  Concerned that Plaintiff's fictitious citations might "have a more nefarious purpose," *id.* at 12, the Court ordered Plaintiff to show cause why he should not be sanctioned, *id.* at 14.  Plaintiff apologized for "any unintentional mistakes," doc. 16 at 1, but did not explain where the erroneous citations came from.  *See generally id.*  The Court directed Plaintiff on June 8, 2023, to "explain *how* the erroneous citations identified in the Court's prior Order came to appear in his submissions" so the Court could "determine whether sanctions [were] required."  Doc.

17 at 2.  Plaintiff's explanation was due to the Court no later than June 27, 2023.  *Id.*  That deadline was extended, *sua sponte*, until August 1, 2023.  Doc. 46 at 2.  Though Plaintiff eventually responded to the Order, his explanation of the fabricated cases' origins was severely lacking.  Doc. 47.  He offered that "the citations in question were included due to an unfortunate error on [his] part," explaining that he "relied on research [he] conducted by [him]self" and "assumed the citations provided were accurate and reliable."  *Id.* at 1.  Plaintiff did not explain what sources he relied on during his research or where he found the sham cases.

A court may impose Rule 11 sanctions "'when the party files a pleading in bad faith for an improper purpose.'"  *Worldwide Primates, Inc., v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quoting *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)).  While the Court accepts Plaintiff's apology for his fake citations, docs. 39 at 2 & 47 at 1-2, his failure to explain their origin casts doubt on his intentions again.  The Court considers both Plaintiff's use of fictitious citations and his evasive response to a direct order from this Court in determining whether sanctions are required.  "Many harms flow from the submission of fake opinions."  *Mata v. Avianca, Inc.*, ___ F. Supp. 3d ___, 2023 WL

4114965, at *1 (S.D.N.Y. June 22, 2023).  Fake citations waste both the Court's and the opposing party's time and resources, cast doubt on "judges and courts whose names are falsely invoked as authors of the bogus opinions" and the "part[ies] attributed with fictional conduct," and "promote[] cynicism about the legal profession and the American judicial system." *Id.*  Both considerations—the harms Plaintiff's fictitious citations caused and his nonresponse to the Court's Order to explain their origin—weigh heavily against Plaintiff.  The Court finds Plaintiff has engaged in bad faith by "delaying or disrupting the litigation [through the fictitious citations and by] hampering enforcement of a court order." *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006) (discussing courts' inherent power to impose sanctions). Sanctions are appropriate in this instance.

The Court has discretion in deciding what sanctions to impose. Sanctions are only "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," Fed. R. Civ. P. 11(c)(4), and can be monetary or nonmonetary directives, including dismissal. *See e.g., McDonald v. Emory Healthcare Eye Center*, 391 F. App'x 851, 853 (11th Cir. 2010) (holding that a district court did not abuse

its discretion in dismissing a Petitioner's complaint as a sanction for numerous Rule 11(b) violations).  The Court believes that dismissal is an appropriate sanction that is sufficient to "deter repetition of the conduct or comparable conduct by other similarly situated."  Fed. R. Civ. P. 11(c)(4); *see also Dawson v. Lennon*, 797 F.2d 934, 935 (11th Cir. 1986) ("[W]hile dismissal of an action with prejudice is a sanction of last resort, it is appropriate in cases involving bad faith.").  Monetary sanctions would also, under the circumstances, appear excessively harsh.  *See* doc. 38 at 1 (Plaintiff acknowledging that the potential monetary sanctions talked about in the Court's Order, doc. 37 at 13, "would have severe personal consequences"); *see also* docket entry dated Feb. 27, 2023 (payment of $402 filing fee); *Thomas v. Pangburn*, CV423-047, docket entry dated Feb. 27, 2023 (same).  Although dismissal of these claims as a sanction for his conduct may be redundant, given the discussion of their merits above, the Court is satisfied that it is a sufficient deterrent, under the totality of the circumstances.

The Court also notes here that Defendant asserts that Plaintiff's arguments in his underlying challenges to the Municipal Court's jurisdiction are frivolous because they assert "sovereign citizen" theories.

Doc. 48 at 6-7.  Sovereign citizens "believe they are not subject to the jurisdiction of the courts." *United States v. Sterling*, 738 F.3d, 228, 233 n.1 (11th Cir. 2013).  Courts have repeatedly and summarily rejected sovereign citizen arguments as frivolous.  *See e.g., id.*; *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented"*); Roach v. Arrisi*, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of [the plaintiff's] time as well as the court's time"); *Townsend v. Georgia*, 2019 WL 1009421, at *2 (S.D. Ga. Feb. 11, 2019) (holding the same).  Rule 11(b) prohibits the submission of frivolous arguments to the Court and Rule 11(c) allows the Court to sanction parties who submit such arguments.

Defendant is correct to flag some of Plaintiff's arguments as characteristic of a frivolous sovereign citizen claim. [6]  Doc. 48 at 3-5, 6-7.

---

[6] While Plaintiff may not refer to himself as a sovereign citizen, his verbiage does not change the fact that he adopts sovereign citizen theories. *See* doc. 50 at 6 (arguing Defendant is wrong to call Plaintiff a "sovereign citizen" because Plaintiff has been using the term "in proper persona"); *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) ("Whether [Plaintiff] wishes to call himself a sovereign citizen or not, it is clear that his complaint is premised on the same types of legal theories

For example, Plaintiff strongly objects to the term "*pro se*," instead insisting that he is proceeding "in propia persona sui juris," doc. 23 at 1, and arguing before the municipal court that he was "in Propia persona sui juris, a natural person specially appearing in his own right being of sound, mind, body, soul and spirit," doc. 23-1 at 2, 9.  Sovereign citizens often believe there is a material, legal difference between identifying as a *pro se* plaintiff or defendant and identifying as a "natural person," "human being," or "living soul."  *See e.g., Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (dismissing as frivolous a sovereign citizen lawsuit filed by a "living, breathing, flesh and blood human being"); *Townsend*, 2019 WL 1009421, at *2 n. 3 (noting that a plaintiff referring "to himself in the third person as 'a living Human being' and 'living soul' is also typical of such frivolous sovereign-citizen claptrap").  There is not. Plaintiff also premises his complaint on the municipal court's supposed lack of jurisdiction over him, insisting that his challenge to jurisdiction "did, in fact, deprive the court of subject matter jurisdiction."  Doc. 50 at 4.  He asserts that courts have no power to determine their own jurisdiction, doc. 23 at 4, and that whenever a judge acts without

---

advanced by other sovereign citizens seeking to assert immunity from prosecution.").

jurisdiction, "the judge is engaged in [an] act or acts of treason." *Id.* at 2. As already stated, sovereign citizens "believe they are not subject to the jurisdiction of the courts" and often make baseless jurisdictional challenges or deny a court's jurisdiction altogether. *Sterling*, 738 F.3d at 233 n.1. Whether Thomas acknowledges the label "sovereign citizen," then, his pleadings in this Court and those he filed in the Municipal Court, which form the basis of his claims, are quite obviously of that ilk.

Though frivolous, Plaintiff's sovereign citizen arguments do not merit sanctions for two reasons. First, Rule 11(c)(1) of the Federal Rules of Civil Procedure requires notice and a reasonable opportunity to respond before the imposition of sanction. The Court raises the possibility of sanctions for Plaintiff's frivolous arguments for the first time here today, meaning Plaintiff has had no notice or opportunity to respond to the allegations that his claim is frivolous and sanctions may be appropriate. Even where a party has violated Rule 11(b), the Court cannot impose sanctions without first issuing "a 'show-cause' order to provide notice and an opportunity to be heard." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). Second, Plaintiff does not raise these arguments in *this* Court. While the

underlying bases for his claims against Defendant involve the sovereign-citizen-esque argument that he had the ability to strip the municipal court of its jurisdictional power, Plaintiff does not challenge this Court's jurisdiction. And though he may submit his filings "in propia persona sui juris," doc. 23 at 1, he does not attempt to claim any special rights or considerations as a "natural person specially appearing in his own right being of sound, mind, body, soul and spirit" like he did in Defendant's court, doc. 23-1 at 2, 9. For the above reasons, sanctioning Plaintiff for relying on frivolous sovereign citizen theories is inappropriate.

Now, however, Plaintiff has been informed that a jurisdictional challenge does not strip a court of jurisdiction and that courts have the power to determine their own jurisdiction. *Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 372, 377 (1940). He is also aware now that identifying himself as "in propia persona" or "in propia persona sui juris" does not change the Court's analysis of his claim or confer upon him any special benefit or consideration. "*Pro se*" simply means that a party is filing for himself, on his own behalf, without a lawyer, *Pro Se*, BLACK'S LAW DICTIONARY (11th ed. 2019); an unrepresented party who refers to themselves as a *pro se* does not put themselves at any kind of

disadvantage. It is the correct term to use and the one courts expect to see. Plaintiff is advised that future filings relying on a similar frivolous sovereign citizen theory could lead to Rule 11 sanctions.

## IV.   CONCLUSION

Defendant enjoys absolute judicial immunity against claims for monetary damages and Plaintiff's claims seeking declaratory or injunctive relief fail as a matter of law. Because Plaintiff is not entitled to any relief, this case should be **DISMISSED**. Alternatively, his Amended Complaint should be **DISMISSED** as a sanction pursuant to Rule 11(b). Because the Court believes that dismissal, given the discussion above, is sufficient to deter Plaintiff from the conduct he has engaged in here, the Court will not impose monetary sanctions on Plaintiff at this time. It hopes that if Plaintiff should ever appear before this Court again, he will draw on this experience to avoid any future sanctions.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all

parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 6th day of October, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA